IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL SEMOTUK,**

        **Plaintiff,**

    v.                             **CASE NO. 12-3197-SAC**

**FRANK DENNING, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner held at the New Century Adult Detention Center, New Century, Kansas. He proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]." § 1915(b)(1).

Pursuant to §1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit into his account, or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he lacks assets and has no means to pay the initial partial filing fee.

§1915(b)(4).

Here, plaintiff's average monthly deposit is $0.00, and the average balance is $10.45. The information provided by the facility, however, shows that plaintiff had a negative account balance at the time he commenced this matter. Accordingly, the court does not assess an initial partial filing fee but reminds plaintiff that he remains obligated for the $350.00 filing fee in this matter.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558.

Pleadings filed by a pro se litigant must be given a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff moves to file an amended complaint (Doc. 5), and the court grants that motion. The amended complaint names as defendants the Johnson County Sheriff's Department, Major Cortright, Captain Rector, Captain Sybesma, Captain Shafer, Captain Bieniecki, Lieutenant Totten, Lieutenant Prothe, Lieutenant Clark, Sergeant Long, Sergeant Mahaney, and Sergeant Dvorak, all of the Johnson County, Kansas, Sheriff's Department. Plaintiff claims that during his placement in the New Century facility, he was singled out for punishment and was subjected to deliberate indifference and retaliation. He seeks monetary damages for emotional and psychological stress and distress.

This matter is governed by the Prison Litigation Reform Act (PLRA), which states, in part, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior injury." 42 U.S.C. § 1997e(e). This provision bars a claim for compensatory damages without a prior showing of a physical injury. *See Lawson v. Engleman*, 67 Fed.Appx. 524, 526-27 (10th Cir. 2003)("While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) "such a suit [filed by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'")(citation omitted)). Section 1997e(e) applies regardless of the nature of the underlying violation alleged. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

The court has carefully reviewed plaintiff's allegations concerning discrimination, retaliation, and profiling. Because plaintiff does not allege a physical injury arising from the alleged acts, this matter is subject to dismissal under § 1997e(e).

Finally, the court notes that while §1997e(e) does not bar nominal or punitive damages for a constitutional violation, *see Searles*, 251 F.3d at 878-78, the plaintiff has not sought such damages.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall proceed pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 5) is granted.

IT IS FURTHER ORDERED plaintiff's motions for subpoenas (Docs. 3 and 6) are denied as moot.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 18th day of March, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge